CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
RICARDO  ESCALANTE, *individually and*
*on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| ELIMOR LLC (D/B/A BONJOUR CREPES & WINE), ELICOSMAR-1 LLC (D/B/A BONJOUR CREPES & WINE),  PARVEZ A. ELIAAS, and FELIX ERNESTO JONES | **29 U.S.C. § 216(b)** |
|  | **ECF Case** |
| *Defendants.* |  |

-------------------------------------------------------X

Plaintiff Ricardo Escalante ("Plaintiff Escalante" or "Mr. Escalante"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against Elimor LLC (d/b/a Bonjour Crepes & Wine), Elicosmar-1 LLC (d/b/a Bonjour Crepes & Wine), ("Defendant Corporations"),Parvez A. Eliaas, and Felix Ernesto Jones, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.      Plaintiff Escalante is a former employee of Defendants Elimor LLC (d/b/a Bonjour Crepes & Wine), Elicosmar-1 LLC (d/b/a Bonjour Crepes & Wine), Parvez A. Eliaas and Felix Ernesto Jones

2.      Defendants own, operate, or control a French Creperie Restaurant, located at 1585 2nd Avenue, New York, NY 10028, under the name "Bonjour Crepes & Wine" and at 1142 Lexington Avenue, New York, NY 10028, under the name "Bonjour Crepes & Wine".

3.      Upon information and belief, individual Defendant Parvez A. Eliaas and Felix Ernesto Jonesserve or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the restaurants as a joint or unified enterprise.

4.      Throughout his employment, Plaintiff Escalante was employed as a delivery worker, dishwasher, waiter, cleaning worker, coffee preparer, cook, and cashier at the restaurants located at 1585 2nd Avenue, New York, NY 10028 and at 1142 Lexington Avenue, New York, NY 10028.

5.      Throughout 2018, Plaintiff Escalante was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to cooking, dishwashing, cleaning, and making coffee (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Escalante worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Escalante appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Escalante the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Furthermore, Defendants failed to pay Plaintiff Escalante wages on a timely basis.

10.     In this regard, Defendants have failed to provide timely wages to Plaintiff Escalante Defendants employed and accounted for Plaintiff Escalante as a Delivery worker in their payroll, but in actuality, his duties required a significant amount of time spent performing the non-tipped duties alleged above.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Escalante's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Escalante's actual duties in payroll records by designating him as a Delivery worker instead of as a non-tipped employee.

13.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Escalante's and other tipped employees' tips and made unlawful deductions from Plaintiff Escalante's and other tipped employees' wages.

14.     Defendants' conduct extended beyond Plaintiff Escalante to all other similarly situated employees.

15.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Escalante and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

16.     Plaintiff Escalante now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the

"Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.     Plaintiff Escalante seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Escalante's state law claims under 28 U.S.C. § 1367(a).

19.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a French Creperie Restaurant located in this district. Further, Plaintiff Escalante was employed by Defendants in this district.

## PARTIES

*Plaintiff*

20.     Plaintiff Ricardo Escalante ("Plaintiff Escalante" or "Mr. Escalante") is an adult individual residing in Bronx County, New York.

21.     Plaintiff Escalante was employed by Defendants at Bonjour Crepes and Wine from approximately August 2018 until on or about April 8th, 2022.

22.     Plaintiff Escalante consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23.     At all relevant times, Defendants own, operate, or control a French Creperie Restaurant, located at 1585 2nd Avenue, New York, NY 10028 under the name "Bonjour Crepes & Wine" and at 1142 Lexington Avenue, New York, NY 10028 under the name "Bonjour Crepes & Wine".

24.     Upon information and belief, Elimor LLC (d/b/a Bonjour Crepes & Wine) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1585 2nd Avenue, New York, NY 10028.

25.     Upon information and belief, Elicosmar-1 LLC (d/b/a Bonjour Crepes & Wine) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1142 Lexington Avenue, New York, NY 10028.

26.     Defendant Parvez A. Eliaas is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Parvez A. Eliaas is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Parvez A. Eliaas possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Escalante, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.     27.     Defendant Felix Ernesto Jones is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Felix Ernesto

Jones is sued individually in his capacity as a manager of Defendant Corporations. Defendant Felix Ernesto Jones possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Escalante, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

28.    Defendants operate a French Creperie Restaurant located in NYC's Upper East Side.

29.    Individual Defendant, Parvez A. Eliaas and Felix Ernesto Jones possess operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

30.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.    Each Defendant possessed substantial control over Plaintiff Escalante's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Escalante, and all similarly situated individuals, referred to herein.

32.    Defendants jointly employed Plaintiff Escalante (and all similarly situated employees) and are Plaintiff Escalante's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33.    In the alternative, Defendants constitute a single employer of Plaintiff Escalante and/or similarly situated individuals.

34. Upon information and belief, Individual Defendant Parvez A. Eliaas operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of his own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

35. At all relevant times, Defendants were Plaintiff Escalante's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Escalante, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Escalante's services.

36.     Each year from 2018 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

38.     Plaintiff Escalante is a former employee of Defendants who ostensibly was employed as a delivery worker in 2018. However, he spent over 20% of each shift performing the non-tipped duties described above.

39.     Plaintiff Escalante seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Ricardo Escalante*

40.     Plaintiff Escalante was employed by Defendants from approximately August 2018 until on or about April 8th, 2022.

41.     Defendants employed Plaintiff Escalante as a delivery worker, a waiter, a cook, and a cashier.

42.     During 2018, although Plaintiff Escalante was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

43.     Plaintiff Escalante regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

44.     Plaintiff Escalante's work duties required neither discretion nor independent judgment.

45.     Throughout his employment with Defendants, Plaintiff Escalante regularly worked in excess of 40 hours per week.

46.     From approximately August 2018 until on or about November 2019, Plaintiff Escalante worked as a delivery worker and dishwasher from approximately 8:00 a.m. until on or about 4:00 p.m. to 5:00 p.m., 2 days a week and from 4:00 p.m. until on or about 12:00 a.m. to 1:00 a.m., 4 days a week (typically 48 to 54hours per week).

47.     From approximately December 2019 until on or about March 2020, Plaintiff Escalante worked as a waiter, dishwasher, cleaning at night, and coffee preparer from approximately 3:00 p.m. to 3:30 p.m. until on or about 12:00 a.m. to 1:00 a.m., 4 days a week and from approximately 9:00 a.m. until on or about 12:00 a.m. to 1:00 a.m., Fridays and Saturdays (typically 66 to 70 hours per week).

48.     From approximately October 2020 until on or about October 2021, Plaintiff Escalante worked as a cook and a cashier from approximately 3:00 p.m. until on or about 12:00 a.m., 5 days a week (typically 45 hours per week).

49.     From approximately November 2021 until on or about April 8, 2022, Plaintiff Escalante worked as a cook and a cashier from approximately 3:00 p.m. until on or about 11:00 p.m., 3 to 4 days a week, from approximately 12:00 p.m. until on or about 11:00 p.m., on Wednesdays, and from approximately 12:00 p.m. until on or about 11:00 p.m., occasionally on Saturdays (typically 35 to 54 hours per week).

50.     Throughout his employment, Defendants paid Plaintiff Escalante his wages in a combination of check and cash.

51.     From approximately August 2018 until on or about November 2019, Defendants paid Plaintiff Escalante $10.00 per hour.

52.     From approximately December 2019 until on or about January 2021, Defendants paid Plaintiff Escalante $12.00 per hour.

53.     From approximately February 2021 until on or about March 2022, Defendants paid Plaintiff Escalante $15.00 per hour.

54.     From approximately April 1, 2022, until on or about April 8, 2022, Defendants paid Plaintiff Escalante $17 per hour.

55.     For approximately two weeks, Defendants did not pay Plaintiff Escalante any wages for his work.

56.     Plaintiff Escalante's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

57.     For example, Defendants required Plaintiff Escalante to work an additional 1 hour past his scheduled departure time every day and did not pay him for the additional time he worked.

58.     Defendants never granted Plaintiff Escalante any breaks or meal periods of any kind.

59.     When he worked as a delivery worker, Plaintiff Escalante was never notified by Defendants that his tips were being included as an offset for wages.

60.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Escalante's wages.

61.     Defendants withheld a portion of Plaintiff Escalante's tips; specifically, Defendants pocketed 10% from overall tips.

62.     Although Plaintiff Escalante was required to keep track of his time, Defendants required him to record fewer hours than he actually worked. For example, when Plaintiff Escalante

worked a double shift, Defendants would not let him use the time tracking device, so the shift was unaccounted for in the system. As a result, Plaintiff Escalante was not compensated for all of the hours that he worked.

63.    On a number of occasions, Defendants required Plaintiff Escalante to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

64.    Defendants took improper and illegal deductions of Plaintiff Escalante's wages; specifically, on one occasion Defendants deducted $100 from Plaintiff Escalante's weekly wages for mistakenly accepting a counterfeit bill. Another $100 was deducted from Plaintiff Escalante's weekly wages for losing a utensil needed for preparing coffee.

65.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Escalante regarding overtime and wages under the FLSA and NYLL.

66.    Defendants did not provide Plaintiff Escalante an accurate statement of wages, as required by NYLL 195(3).

67.    Defendants did not give any notice to Plaintiff Escalante, in English and in Spanish (Plaintiff Escalante's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

68.    Defendants required Plaintiff Escalante to purchase "tools of the trade" with his own funds—including one bicycle.

*Defendants' General Employment Practices*

69.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Escalante (and all similarly situated employees) to work in excess of 40 hours

a week without paying him appropriate spread of hours pay and overtime compensation as required by federal and state laws.

70.     Plaintiff Escalante was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

71.     Defendants habitually required Plaintiff Escalante to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

72.     Defendants required Plaintiff Escalante and all other Delivery workers to perform general non-tipped tasks in addition to their primary duties as Delivery workers.

73.      Plaintiff Escalante and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

74.     Plaintiff Escalante's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

75.

76.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Escalante's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

77.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal

regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

78.     Defendants failed to inform Plaintiff Escalante who received tips that Defendants intended to take a deduction against Plaintiff Escalante's earned wages for tip income, as required by the NYLL before any deduction may be taken.

79.     Defendants failed to inform Plaintiff Escalante who received tips, that his tips were being credited towards the payment of the minimum wage.

80.     Defendants failed to maintain a record of tips earned by Plaintiff Escalante who worked as a Delivery worker for the tips received. Defendants' time-keeping system did not reflect the actual hours that Plaintiff Escalante worked.

81.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Escalante who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving Delivery workers of a portion of the tips earned during the course of employment.

82.     Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

83.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

84.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

85.     On a number of occasions, Defendants required Plaintiff Escalante to sign a document the contents of which he was not allowed to review in detail. Defendants paid Plaintiff Escalante his wages in a combination of check and cash.

86.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

87.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Escalante (and similarly situated individuals) worked, and to avoid paying Plaintiff Escalante properly for his full hours worked.

88.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

89.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Escalante and other similarly situated former workers.

90.     Defendants failed to provide Plaintiff  Escalante and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

91.     Defendants failed to provide Plaintiff Escalante and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the

employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

92.      Plaintiff Escalante brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

93.      At all relevant times, Plaintiff Escalante and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

94.      The claims of Plaintiff Escalante stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

95.     Plaintiff Escalante repeats and realleges all paragraphs above as though fully set forth herein.

96.     At all times relevant to this action, Defendants were Plaintiff Escalante's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Escalante (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

97.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

98.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

99.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Escalante (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

100.    Defendants' failure to pay Plaintiff Escalante (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

101.    Plaintiff Escalante (and the FLSA Class members)were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

102.    Plaintiff Escalante repeats and realleges all paragraphs above as though fully set forth herein.

103.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Escalante overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

104.    Defendants' failure to pay Plaintiff Escalante overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

105.    Plaintiff Escalante was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

106.    Plaintiff Escalante repeats and realleges all paragraphs above as though fully set forth herein.

107.    Defendants failed to pay Plaintiff Escalante one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Escalante's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

108.    Defendants' failure to pay Plaintiff Escalante an additional hour's pay for each day Plaintiff Escalante's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

109.    Plaintiff Escalante was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

110.     Plaintiff Escalante repeats and realleges all paragraphs above as though fully set forth herein.

111.     Defendants failed to provide Plaintiff Escalante with a written notice, in English and in Spanish (Plaintiff Escalante's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

112.     Defendants are liable to Plaintiff Escalante in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

113.     Plaintiff Escalante repeats and realleges all paragraphs above as though fully set forth herein.

114.     With each payment of wages, Defendants failed to provide Plaintiff Escalante with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages;

the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

115.     Defendants are liable to Plaintiff Escalante in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

116.      Plaintiff Escalante repeats and realleges all paragraphs above as though fully set forth herein.

117.     Defendants required Plaintiff Escalante to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform  his job, further reducing  his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

118.     Plaintiff Escalante was damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

119.      Plaintiff Escalante repeats and realleges all paragraphs above as though fully set forth herein.

120.     At all relevant times, Defendants were Plaintiff Escalante's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

121.     New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities

received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

122.    Defendants unlawfully misappropriated a portion of Plaintiff Escalante's tips that were received from customers.

123.    Defendants knowingly and intentionally retained a portion of Plaintiff Escalante's tips in violations of the NYLL and supporting Department of Labor Regulations.

124.    Plaintiff Escalante was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION
### OF THE NEW YORK LABOR LAW

125.    Plaintiff Escalante repeats and realleges all paragraphs above as though set forth fully herein.

126.    At all relevant times, Defendants were Plaintiff Escalante's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

127.    Defendants made unlawful deductions from Plaintiff Escalante's wages; specifically, Defendants deducted $!00 from Plaintiff when a counterfeit bill was found in cash register,  On another occusion Plaintiff was deducted $100 when a utensil for the coffee maker went missing.

128.    The deductions made from Plaintiff Escalante's wages were not authorized or required by law.

129.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Escalante's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

130.    Plaintiff Escalante was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

131.    Plaintiff Escalante repeats and realleges all paragraphs above as though set forth fully herein.

132.    Defendants did not pay Plaintiff Escalante on a regular weekly basis, in violation of NYLL §191.

133.    Defendants are liable to Plaintiff Escalante in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Escalante respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Escalante and the FLSA Class members;

(c)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Escalante's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Escalante and the FLSA Class members;

(e)    Awarding Plaintiff Escalante and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiff Escalante and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Escalante;

(h)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Escalante;

(i)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Escalante;

(j)    Awarding Plaintiff liquated damages in an amount equal to one hundred percent (100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interests pursuant to NYLL §191(1)(a), 198;

(k)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Escalante's compensation, hours, wages and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Escalante;

(m)     Awarding Plaintiff Escalante damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiff Escalante damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Escalante liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Escalante and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiff Escalante and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Escalante demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

August 9, 2022

CSM LEGAL, P.C

By:       /s/ Catalina Sojo, Esq.
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.

### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

May 16, 2022

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Ricardo Escalante

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                      16 de Mayo 2022

*Certified as a minority-owned business in the State of New York*