USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/16/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
RICARDO ESCALANTE,

      Plaintiff,

-against-

ELIMOR LLC (D/B/A BONJOUR CREPES &
WINE), ELICOSMAR-1 LLC (D/B/A
BONJOUR CREPES & WINE), PARVEZ A.
ELIAAS, and FELIX ERNESTO JONES,

      Defendants.

22 Civ. 6784 (AT)

**ORDER**

ANALISA TORRES, District Judge:

  Plaintiff, Ricardo Escalante, brings this action against Defendants Elimor LLC (d/b/a Bonjour Crepes & Wine), Elicosmar-1 LLC (d/b/a Bonjour Crepes & Wine), Parvez A. Eliaas, and Felix Ernesto Jones, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the New York Labor Law, ("NYLL") § 190 *et seq.*, and applicable regulations for failure to pay overtime wages, minimum wage, and spread of hours and failure to provide wage notices and accurate wage statements. *See generally* ECF No. 1. Having reached a settlement (the "Settlement"), ECF No. 32-1, the parties seek the Court's approval of their proposed settlement agreement. *See* Letter, ECF No. 32.

  For the reasons stated below, the motion is DENIED without prejudice to renewal.

**DISCUSSION**

  I.  Legal Standard

  The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress

made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still,

"counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.  Analysis

The parties acknowledge that any litigation would probably have been protracted, likely ending in a trial. Letter at 2. But, after reviewing the parties' Letter, Settlement, and accompanying exhibits, the Court determines that there are several deficiencies in the parties' submissions.

First, the Court has concerns about the proposed Settlement amount. The Settlement provides Plaintiff with a recovery of $8,789.20, excluding attorney's fees. *Id.* at 3; *see also* Settlement ¶ 2(a). Plaintiff estimates his best-case recovery to be $71,551.20, excluding attorney's fees, meaning that the proposed Settlement is roughly 12.28% of the possible recovery in Plaintiff's best-case scenario. Letter at 1. The proposed Settlement amount would fall on the low end of settlements approved in this Circuit. *See, e.g.*, *Zorn-Hill v. A2B Taxi LLC*, Nos. 19 Civ. 1058, 18 Civ. 11165, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020). Besides stating that the parties "dispute[] the hours worked by Plaintiff and whether Plaintiff spent over 20% of each day performing non-tipped work," Letter at 2, the parties do not cite authority justifying such a low recovery. For instance, the parties do not specify whether this proposed Settlement amount includes liquidated damages or statutory damages to which Plaintiff may be entitled.

Second, the parties do not explicitly state the risks faced by the parties in the litigation, beyond Plaintiff's concerns about recoverability.

Third, although the parties indicate that the Settlement was the product of "arm's[-]length settlement negotiations" and that the mediation occurred with "[P]laintiff and counsel in an adversarial process," *id.* at 2, the parties do not specify whether Plaintiff was represented by experienced counsel throughout the negotiation of the Settlement.

Fourth, the parties do not explicitly state that there was no fraud or collusion in the negotiation of the Settlement.

The Court, therefore, cannot find that the factors outlined in *Wolinsky* are met.

In addition, the Settlement contains a liability release. Settlement ¶ 3. The Settlement is overbroad because it releases from liability numerous entities beyond Defendants, including

> their present and former directors, officers, partners, employees, representatives, agents, attorneys, owners, and insurers, subsidiaries, affiliates, successors, related entities, including Elicosmor LLC, assigns, heirs, executors, administrators, and attorneys[.]

*Id.* at 1; *see also Hernandez Ramirez v. AA BC Bakery Cafe Corp.*, No. 21 Civ. 458, 2022 WL 3363144, at *2 (S.D.N.Y. July 5, 2022). The release is also overbroad as to Plaintiff, binding individuals who are not part of this lawsuit. Settlement ¶ 3 (releasing "Plaintiff's heirs, executors, administrators, successors, and/or assigns"). Although the release clause is limited to

> Plaintiff's claims for alleged unpaid overtime wages, minimum wages, spread of hours pay, tips, liquidated damages, unlawful deductions, recovery of equipment costs, statutory penalties, pay frequency violations, recordkeeping violations, interest, and attorney['s] fees and disbursements under the wage and hour provisions of the FLSA, the NYLL, and any other applicable wage and hour payment laws, rules, or regulations for anything that has occurred up to the Effective Date (as defined in Paragraph 12 below) of this [a]greement[,]

*id.*, "when combined with the broad definition of '[r]eleasees,' the release—read literally—would have the . . . effect of releasing any wage and hour claims that [P]laintiff had against a wide range of unidentified individuals and business[es] only tenuously affiliated with [D]efendant[s]." *Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19 Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019) (citation omitted). The release clause is also overbroad because it may include claims unrelated to this lawsuit. *See* Settlement ¶ 3 (releasing claims "for anything that has occurred up to the Effective Date" and "for any alleged violation of the FLSA, . . . the NYLL, and their respective governing regulations"); *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015). And, Plaintiff is afforded no release from liability whatsoever. *See generally* Settlement.

The Court cannot conclude that the Settlement's release clause is "fair and reasonable," and, accordingly, shall not approve the Settlement.

In addition, the Settlement contains an overbroad non-disparagement clause. *Id.* ¶ 5. The Court shall not approve any provisions in the Settlement that would bar Plaintiff from openly discussing his experience litigating this wage-and-hour case. *Lopez*, 96 F. Supp. 3d at 178. Paragraph 5 of the Settlement allows Plaintiff to make "truthful statements about his experiences litigating this matter," but simultaneously bars him from making "disparaging comments . . . [including] communications which might otherwise impair the reputation of Defendants." Settlement ¶ 5. This runs afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair. *Lopez*, 96 F. Supp. 3d at 178.

Turning to attorney's fees and costs, Plaintiff's counsel "will receive $5,210.80 from the settlement fund as attorney['s] fees and costs." Letter at 3. Plaintiff's counsel states that this "represents one third of the recovery in this litigation with costs." *Id.* However, one-third of the settlement proceeds ($14,000 total, *see* Letter at 2) is $4,666.67. Plaintiff's counsel seeks $4,846.25 in fees and $816.20 in costs, *id.* at 3, which totals $5,662.45. Plaintiff's counsel's contemporaneous time records that document their work on this matter reflects this latter amount. *Id.* at 3–4; *see* ECF No. 32-3. Given the discrepancies in Plaintiff's counsel's application, the Court shall not approve the fee request in its current form.

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is DENIED without prejudice to renewal. By **June 6, 2023**, the parties may file a revised letter and settlement agreement in accordance with this order.

SO ORDERED.

Dated: May 16, 2023
       New York, New York

                                              ANALISA TORRES
                                            United States District Judge