```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
RICARDO ESCALANTE,

                           Plaintiff,

        -against-

ELIMOR LLC (D/B/A BONJOUR CREPES &
WINE), ELICOSMAR-1 LLC (D/B/A
BONJOUR CREPES & WINE), PARVEZ A.
ELIAAS, and FELIX ERNESTO JONES,

                           Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/5/2023

22 Civ. 6784 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Ricardo Escalante, brings this action against Defendants Elimor LLC (d/b/a Bonjour Crepes & Wine), Elicosmar-1 LLC (d/b/a Bonjour Crepes & Wine), Parvez A. Eliaas, and Felix Ernesto Jones, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the New York Labor Law, ("NYLL") § 190 *et seq.*, and applicable regulations for failure to pay overtime wages, minimum wage, and spread of hours and failure to provide wage notices and accurate wage statements. *See generally* ECF No. 1. After reaching a settlement (the "Settlement"), ECF No. 32-1, the parties sought the Court's approval of their proposed settlement agreement. *See* Letter, ECF No. 32. On May 16, 2023, the Court denied the parties' motion without prejudice to renewal and ordered the parties to file a revised settlement letter and agreement (the "Order"). ECF No. 33. Before the Court is the parties' revised settlement agreement (the "Revised Settlement"), ECF No. 34-1, and the parties' renewed motion for settlement approval (the "Revised Letter"), ECF No. 34. For the reasons below, the parties' motion is DENIED without prejudice to renewal.

**DISCUSSION**

I.  Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a)–(b). Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.  Analysis

In the Revised Letter, the parties explicitly state that there was no fraud or collusion in the negotiation of the settlement and that Plaintiff was represented by experienced counsel throughout the mediation. Revised Letter at 3. The parties also note that "Plaintiff faces major factual and legal litigation risks," and that Defendants produced documents that contradicted Plaintiff's claims or rendered some of his claims nonviable. *Id.* at 2. Although the settlement amount is on the low end of ones approved in this Circuit, the Court finds that it is fair and reasonable given the significant legal and evidentiary challenges Plaintiff would face at trial. *See, e.g.*, *Hernandez v. Vill. Nat. Rest. Corp.*, No. 19 Civ. 8378, 2020 WL 5518314, at *2 (S.D.N.Y. Sept. 14, 2020); *Palma Flores v. M Culinary Concepts, Inc.*, No. 19 Civ. 1229, 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019).

However, the parties still do not explicitly state the risks faced by both parties in the litigation, beyond Plaintiff's concerns about recoverability. Revised Letter at 2–3. Accordingly, the Court cannot find that all *Wolinsky* factors are met.

In addition, the liability release in the Revised Settlement is still overbroad because it may include claims unrelated to this lawsuit. Revised Settlement ¶ 3; *Lopez v. Nights of Cabiria, LLC*, 96

F. Supp. 3d 170, 181 (S.D.N.Y. 2015).  And, the Revised Settlement states that "Defendants similarly release Plaintiff from any alleged violations of the FLSA[,] NYLL[,] and their respective governing regulations from the beginning of time up to and including the [e]ffective [d]ate."  Revised Settlement ¶ 3.  The FLSA and the NYLL apply to employers as defined under those statutes.  Releasing *Plaintiff* from any alleged violations of the FLSA and the NYLL amounts to no release from liability for Plaintiff at all.  *See generally* Revised Settlement.  The Court cannot conclude that the Revised Settlement's release clause is "fair and reasonable," and, accordingly, shall not approve the Revised Settlement.

Further, the non-disparagement clause in the Revised Settlement is not narrowly tailored.  Revised Settlement ¶ 5.  The Court shall not approve any provisions in the Revised Settlement that would bar Plaintiff from openly discussing his experience litigating this wage-and-hour case.  *Lopez*, 96 F. Supp. 3d at 178.  Paragraph 5 of the Revised Settlement includes a mutual non-disparagement clause that limits Plaintiff to "providing truthful and accurate information as required by process of law."  Revised Settlement ¶ 5.  This clause still appears to "prevent the spread of information about FLSA actions to other workers[.]"  *Vega v. Brown Roofing Co., Inc.*, No. 21 Civ. 64, 2021 WL 6048926, at *4 (D. Conn. Nov. 19, 2021) (citation omitted); *see also Tapia v. Lira*, No. 18 Civ. 10771, 2021 WL 5086300, at *5 (S.D.N.Y. Nov. 2, 2021); *Lopez*, 96 F. Supp. 3d at 178.

Turning to attorney's fees and costs, Plaintiff's counsel seeks $5,210.80 "from the settlement fund as attorney['s] fees and costs," "approximately one third of the recovery [of the settlement proceeds] after costs."  Revised Letter at 3.[1]  The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [his] counsel."  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (citations omitted).  "Contingency fees of one-third in FLSA cases are routinely approved in this Circuit."

---

[1] One-third of the settlement proceeds is $4,666.67 after costs, $4,394.60 before costs.

4

*Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases).  As a check on the reasonableness of attorney's fees, however, courts still calculate the "lodestar" amount, which is the "product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11. Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

Plaintiff's counsel, CSM Legal, P.C., have submitted contemporaneous time records that document their work on this matter.  Revised Letter at 4–5; Ex. C, ECF No. 34-3.  Catalina Sojo billed approximately 2.8 hours, at a rate of $350 per hour; Clela A. Errington billed approximately 2 hours, at a rate of $350 per hour; Ramsha Ansari billed approximately 8.25 hours, at a rate of $300 per hour; and paralegals billed approximately 5.25 hours, at a rate of $125 per hour.  Ex. C at 1–2. The Court finds these rates reasonable.  *See Hernandez v. El Azteca y El Guanaco Rest Corp.*, No. 20 Civ. 10316, 2021 WL 5847648, at *2 (S.D.N.Y. Dec. 9, 2021).  Plaintiff's counsel requested lodestar is therefore $4,846.25.  This results in a lodestar multiplier of 1.1.  "[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014).  On this basis, the Court accepts the multiplier of 1.1, and determines attorney's fees of $4,394.60 to be reasonable under the circumstances, particularly given that it amounts to a third of the total settlement award.  *See, e.g.*, *Thornhill v. CVS Pharmacy, Inc.*, No. 13 Civ. 5507, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) (collecting cases).

The Court also finds the costs of $816.20, which are supported by documentation, *see* Ex. C at 3–7, to be reasonable.  *Fisher v. SD Protection Inc.*, 948 F.3d 593, 601–02 (2d Cir. 2020).

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is DENIED without prejudice to renewal. By **July 26, 2023**, the parties may: (1) file a revised letter and settlement agreement in accordance with this order; (2) stipulate to dismissal of the case without prejudice, which the Court need not approve; or (3) file a joint letter indicating that the parties intend to abandon settlement and continue litigating this action.

SO ORDERED.

Dated: July 5, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge